## PETITION OF PRESSON FARWELL *et al.*

2　123
70　217

In references under a rule from a justice of the peace, if all the arbitrators attend the hearing, but only a majority of them sign the award, the award is binding.
When such rule is returned to the justice he has authority either to accept or reject the award. If he rejects it, without assigning on the record a sufficient cause, the proceedings by the justice are not void, till quashed or reversed. The remedy in such case is not by mandamus.
But the proceedings being no bar to a prosecution at common law of the claims submitted, a certiorari would be useless, and a writ of error, if it lies, is the only efficient remedy.

THIS was a petition for a mandamus to a justice of the peace in this county to render a judgment, accepting a report of referees, made and returned to him under a rule, that issued in conformity to our statute of December 16th, A. D. 1796.

The petition was entered here October term, 1818, and at the same term notice was served on the justice to appear and show cause, why a mandamus should not issue. On his appearance, two causes were assigned.

First, that as all the referees did not sign the report, though all were present at the hearing, he had rightfully rendered judgment, that the report should be rejected.

Second, that if the judgment so rendered was erroneous, the remedy of the party, in whose favor the report was made, was not by mandamus.

*Wilson,* counsel for the petitioners.

*Kimball,* for the respondent.

Petition
of
Farwell et al.

WOODBURY, J. In this case, the principles, upon which the magistrate rejected the report, were erroneous.

Because all the referees attended the hearing of the parties, and a majority of them signed the report ; and it is a well settled rule, that if all, who are appointed under a public statute to a judicial duty, unite in the performance of it, but disagree in final judgment, the opinion of the majority is binding.(1)

(1) 1 B. & P. 229.—Burr. 1017.—3 D. & E. 592.—6 John. 39.—11 ditto 402.—13 ditto 187, 460. —6 Mass. Rep. 50. 14 ditto 148.

Many limitations and exceptions exist to this rule, which, as they do not affect the present case, need not be enumerated.

It is next contended by the petitioners, that for this error the judgment of the magistrate is void, and, indeed, that he has no authority, for any reasons whatever, to render judgment rejecting a report of referees.

On these points it may be remarked, that if he had such authority, the error is not of a character to avoid the judgment, unless by certiorari or a writ of error.(2) But if he had not such authority, the judgment is *coram non judice ;* and for the delay or refusal to render a judgment, accepting the report, perhaps a mandamus might be sustained. By the statute, under which the magistrate acted, he is " empowered to receive the report, enter up judgment, and issue execution thereon for damages and cost.(3)

(2) Vide the cases 1st N. H. R. 139, Hutchins *vs.* Edson.

(3) 1 N. H. Laws 90.

The language of this grant is as broad as that in the constitution to all courts " to administer oaths," &c. ; and under grants of such power to judicial officers the usual construction is, that they may exercise it or not in any particular case according to a sound discretion. Had the intent of the legislature been different in this instance, they would probably have used the language of an order or command, directing magistrates in all cases merely to register the report of the referees, and issue execution in conformity to it. Their duty then would have been merely ministerial or clerical.

The nature of the case, as well as the language of the present statute, seems to indicate an intent altogether different. Because without this discretion in the magistrate to

accept or reject the report, no mistake of computation or omission in the award ; no partiality or corruption in the referees could be taken advantage of and rectified. For though a certiorari, or a writ of error in law might lie, yet nothing could be reached by them, but some informality apparent on the record.

Again, if the magistrate is invested with no such discretion, the referees themselves might as well have been " empowered" to issue execution, or instead of them the clerks in any of our courts ; and though justices of the peace are not always presumed to be " learned in the law," yet their intelligence, and what is of much more consequence in this class of cases, their impartiality, is usually greater than that of some of the referees ; because the magistrate is the choice, and, therefore, has the confidence of both parties. Another consideration of much weight is, that an exercise of this discretion can never injure the rights of either party on the merits ; because the magistrate must either reject the report generally, and then redress is open as at common law for the claims submitted(1) ; or he must reject it, and re-commit the subject again to the same referees for their own revision. On the contrary, without this discretion, parties might, as before remarked, by the acceptance of the report in every case, sustain severe losses from mistakes in the referees, and from manifest corruption or partiality.

(1) Whittemore vs. Whittemore, ante.

We are therefore satisfied, that, in the present case, though the magistrate rejected the report for insufficient reasons, yet he acted within the scope of his authority. Hence the judgment rendered by him is not void ; it is a subsisting judgment till reversed or quashed by due process ; and consequently there has been no refusal or delay to give judgment, so as to warrant a mandamus. *Bac. Ab.* " *Mandamus*," C.—1 *Maul & Selw.* 445.—3 *Dall.* 42, *United States vs. Lawrence.*

Should a mandamus issue and the report be accepted, the justice's records would exhibit two contradictory judgments in the same case and on the same report, neither of which has been reversed or annulled.

<div style="margin-left">Petition<br>of<br>Farwell et al.</div>

If the petitioners, also, have other modes of redress, it is "in general a sufficient reason with a court to refuse a mandamus."* *Doug.* 524.—8 *Mod.* 92.—2 *D. & E.* 259.—6 *John.* 281.—2 *Barn. & Ald.* 650, *Rex vs. the Sev. & Wge. Com.*—3 *Barn. & Ald.* 220.—2 *Maul. & Selw.* 84.

That they have, on the merits of their original claims in this case, has before been remarked: but whether they have on the proceedings of the magistrate concerning the report; and if they have, what those modes of redress are, need not now be decided.

A certiorari, if it lies, would be useless; but a writ of error in this particular case, might enable the petitioners to get a judgment, accepting the report.(1)

<div style="margin-left">(1) 7 D. & E. 467, Rex *vs.* Justices of Yorkshire.</div>

It is not customary, however, to sustain a writ of error on proceedings of this kind; and whether on principle it can be sustained or not, we forbear to anticipate.

<div align="right">*Mandamus refused.*</div>

---

*19 John Rep. 259. Hull *vs.* Supervisor of Oneida.